UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELLIS MILLS, III,

        Petitioner,        Case No. 1:14-cv-608

v.        Honorable Robert J. Jonker

SHERRY BURT,

        Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that Petitioner has failed to exhaust his available state-court remedies as to all claims raised in the petition. Because Petitioner has fewer than 60 days remaining in the limitations period for filing a habeas petition, the Court will not dismiss the action at this time, pending Petitioner's compliance with the further directions of this Court set forth in this opinion and attached order.

**Discussion**

I.     Factual allegations

Petitioner Ellis Mills, III presently is incarcerated at the Muskegon Correctional Facility. Following a jury trial in the Kent County Circuit Court, Petitioner was convicted of second-degree murder, MICH. COMP. LAWS § 750.317, carrying a concealed weapon, MICH. COMP. LAWS § 750.227, and possessing a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b. On July 14, 2009, he was sentenced to respective prison terms of 20 to 40 years, 18 months to 5 years, and 2 years.

Petitioner promptly filed a notice of appeal to the Michigan Court of Appeals. After the transcripts were filed on appeal but before briefs had been filed, Petitioner filed a motion for new trial in the Kent County Circuit Court. Following a hearing, that motion was denied on June 2, 2010. Petitioner's brief, filed by counsel on August 11, 2010, raised the following four issues:

I       THE TRIAL COURT'S DENIAL OF THE PETITIONER'S MOTION FOR A NEW TRIAL BASED ON NEWLY DISCOVERED EVIDENCE AND THE DENIAL OF A REQUEST FOR AN EVIDENTIARY HEARING WAS AN ERROR REQUIRING REVERSAL.

II.     THE TRIAL COURT'S DENIAL OF THE PETITIONER'S MOTION FOR A NEW TRIAL BASED ON INEFFECTIVE ASSISTANCE OF COUNSEL AND THE TRIAL COURT'S DENIAL OF PETITIONER'S REQUEST FOR AN EVIDENTIARY HEARING WAS IN ERROR AND REQUIRES REVERSAL.

III.    THE PETITIONER'S CONSTITUTIONAL RIGHT TO PRESENT A DEFENSE OF SELF-DEFENSE UNDER THE MICHIGAN AND FEDERAL CONSTITUTIONS WERE VIOLATED BY THE TRIAL COURT'S EVIDENTIARY RULINGS. THE TOTALITY OF TRIAL COURT'S RULINGS DENIED THE PETITIONER'S RIGHT TO A FAIR TRIAL IN VIOLATION OF DUE PROCESS.

      A.      The trial court's denial of petitioner's motion to admit photographs of the victim holding different guns was in error.

      B.      The trial court's denial of Petitioner's request to visit the crime scene by the jury was in error.

IV.    THE TRIAL COURT'S FAILURE TO SUSTAIN THE OBJECTIONS TO THE PETITIONER'S GUIDELINE SCORING WAS AN ERROR.

(Pet. ¶ 9, docket #1, Page ID#2.) In a lengthy unpublished opinion issued March 24, 2011, the court of appeals denied all appellate grounds and affirmed the convictions. Petitioner sought leave to appeal to the Michigan Supreme Court on May 31, 2011, but it was rejected as untimely. On January 10, 2013, Petitioner filed a motion to reissue the opinion, which the court of appeals found meritorious and granted on January 22, 2013. Raising the same grounds, Petitioner sought leave to appeal to the Michigan Supreme Court from the reissued opinion. The supreme court denied leave to appeal on May 28, 2013, because it was not persuaded that the questions should be reviewed by the court.

On October 24, 2011, after the Michigan Court of Appeals had issued its opinion for the first time, Petitioner filed a motion for relief from judgment in the Kent County Circuit Court. In his motion, Petitioner raised the following argument:

I.    PETITIONER WAS DENIED THE EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL AS GUARANTEED BY BOTH THE MICHIGAN AND THE UNITED STATES CONSTITUTIONS, WHERE APPELLATE COUNSEL FAILED TO COUNSEL, INSTRUCT, OR COMPLETE HER FIDUCIARY DUTIES AS ATTORNEY FOR THE PETITIONER DURING AND FOLLOWING PETITIONER'S APPEAL OF RIGHT.

(*Id.* ¶ 11, Page ID#4.) The trial court denied the motion on October 24, 2011. Petitioner sought leave to appeal to both the Michigan Court of Appeals and the Michigan Supreme Court, which denied leave to appeal on April 3, 2012 and October 22, 2012, respectively.

In his habeas application, Petitioner raises all five issues presented to and rejected by the Michigan courts on direct and collateral review. Contemporaneously with his habeas application, Petitioner filed a motion (docket #5) to stay the petition and hold it in abeyance while he files a second motion for relief from judgment in the trial court. In his motion, Petitioner intends to claim that he has newly discovered evidence to show that trial counsel coerced him into rejecting a favorable plea and proceeding to trial.

## II. Failure to exhaust available state-court remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner has demonstrated that he exhausted the five habeas grounds presented in his original petition. He argues, however, that he is presently waiting for the prison legal writer to complete his second motion for relief from judgment.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Michigan law ordinarily permits only one motion for relief from judgment. *See* MICH. CT. R. 6.502(G)(1). However, the court rule permits a second or subsequent motion based on a retroactive change in the law that occurred after the first motion or a claim of newly discovered evidence that was not discovered before the first motion. MICH. CT. R. 6.502(G)(2). Petitioner has already filed his one allotted motion, but his new claim has the potential to fall within the exception to the general rule. Therefore, the Court concludes that Petitioner arguably has an available state remedy.

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court. Although the appellate history was convoluted, the Michigan Supreme Court finally denied his application for leave to appeal from the reissued decision of the Michigan Court of Appeals on May 28, 2013. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on Monday, August 26, 2013. Accordingly,

Petitioner has one year, until August 26, 2014, in which to file his habeas petition. Petitioner's habeas petition was filed in this Court on June 5, 2014, though he signed page 10 of the petition on May 1, 2014.[1]

In *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), the Sixth Circuit held that when the dismissal of a "mixed"[2] petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. The Court indicated that thirty days was a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days was a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies.[3] *Palmer*, 276 F.3d at 721. *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to mandatory period of equitable tolling under *Palmer*). While Petitioner's habeas application contains only exhausted claims, Petitioner clearly indicates in his contemporaneously filed documents that he intends to include an unexhausted claim. The Court therefore concludes that *Palmer* is applicable.

At this juncture, Petitioner has less than sixty days remaining before the statute of limitations expires. Petitioner therefore would not have the necessary 30 days to file a motion for

---

[1] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner dated his application on May 1, 2014, and it was received by the Court on June 5, 2014. Thus, it must have been handed to prison officials for mailing at some time between May 1 and June 5. For purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

[2] A "mixed petition" is a habeas corpus petition that contains both exhausted and unexhausted claims.

[3] The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

post-conviction relief or the additional 30 days to return to this court before expiration of the statute of limitations. As a result, were the Court to dismiss the petition without prejudice for lack of exhaustion, the dismissal could jeopardize the timeliness of any subsequent petition.[4] *Palmer*, 276 F.3d at 781.

The Supreme Court has held, however, that the type of stay-and-abeyance procedure set forth in *Palmer* should be available only in limited circumstances, because over-expansive use of the procedure would thwart the AEDPA's goals of achieving finality and encouraging petitioners to first exhaust all of their claims in the state courts. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). In its discretion, a district court contemplating stay and abeyance should stay the mixed petition pending prompt exhaustion of state remedies if there is "good cause" for the petitioner's failure to exhaust, if the petitioner's unexhausted claims are not "plainly meritless" and if there is no indication that the petitioner engaged in "intentionally dilatory litigation tactics." *Id.* at 278. Moreover, under *Rhines*, if the district court determines that a stay is inappropriate, it must allow the petitioner the opportunity to delete the unexhausted claims from his petition, especially in circumstances in which dismissal of the entire petition without prejudice would "unreasonably impair the petitioner's right to obtain federal relief." *Id.*

In the instant case, Petitioner has filed a timely motion for stay and abeyance, in which he avers cause for his failure to exhaust and requests a stay of this action to exhaust his unexhausted claims in state proceedings. Petitioner's filings clearly demonstrate that he has been

---

[4] The possibility that dismissal could jeopardize the petition is heightened further under the circumstances of this case. There exists a substantial possibility that the trial court could find that Petitioner's second motion for relief from judgment does not fall within the exception of MICH. CT. R. 6.502(G)(2). In that case, Petitioner's second motion would not be "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2) and would not toll the statute of limitations during its pendency.

diligent in pursuing all available relief, despite being limited by his dependence upon the Legal Writer Program of the Michigan Department of Corrections.[5] Petitioner has shown good cause for his delay in filing the petition, and his unexhausted claim is not plainly meritless. Accordingly, Petitioner has demonstrated entitlement to the stay-and-abeyance procedure of *Rhines,* 544 U.S. at 278, and *Palmer*, 276 F.3d at 781.

The *Palmer* procedure, however, must be somewhat modified in this case. As Petitioner acknowledges, under Rule 6.502(G)(1), if Petitioner's second motion for relief from judgment is denied by the trial court, Petitioner may not appeal from that decision. In such an event, therefore, the stay will continue only until 30 days after the trial court's denial of his motion. In contrast, if the trial court were to grant relief from judgment, the state might well seek to appeal that

---

[5]Michigan Department of Corrections Policy Directive 05.06.116, paragraphs P and Q define the nature of and eligibility for the Legal Writer Program:

> The Legal Writer Program provides eligible prisoners in Correctional Facilities Administration (CFA) institutions with legal assistance on matters relating to their criminal conviction or conditions of confinement. Only prisoners not represented by counsel who are unable to effectively help themselves by using the law library or other available legal resources are eligible to receive Legal Writer Program services. Legal Writer Program assistance shall be provided through prisoners at the institution who are assigned to the Legal Writer Program and have successfully completed all required training ("legal writers"). A staff person designated by the Warden shall provide oversight and supervision of the Legal Writer Program and supervise the legal writers. There is no attorney-client privilege between the legal writers and the prisoner receiving the assistance.
>
> * * *
>
> A prisoner is eligible to receive Legal Writer Program services if s/he meets any of the following criteria:
>
> 1. Does not have a verified GED or high school diploma.
> 2. Does not speak, read, or write English.
> 3. Has a documented physical or mental impairment or a learning disability which may affect his/her ability to use the law library to prepare and file a legible and coherent pleading.
> 4. Is undergoing reception center processing.
> 5. Is housed in any form of segregation other than temporary segregation.
> 6. Is housed in a Department operated inpatient medical unit.

decision and thereafter obtain reversal. In that circumstance, the stay will continue until the last decision of the Michigan Supreme Court.

        An Order consistent with this Opinion will be entered.


Dated:     July 3, 2014             /s/ Robert J. Jonker
                                            ROBERT J. JONKER
                                            UNITED STATES DISTRICT JUDGE