UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELLIS MILLS, III,

        Petitioner,

                      Case No. 1:14-cv-608

v.                            Hon. Robert J. Jonker

SHERRY BURT,

        Respondent.

_____/

## REPORT AND RECOMMENDATION

Ellis Mills, III, (sometimes referred to as "petitioner"), a prisoner currently incarcerated at a Michigan correctional facility, has filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. For the reasons discussed below, I recommend that the petition be denied.

### I.      Background

#### A.      Trial, conviction and sentence

"This case arises from a dispute between individuals who are affiliated with the street gang known as the Gangster Disciples (Disciples) and individuals who are affiliated with the street gang known as the Tres Manos Gangsters (Tres Manos)." *People v. Mills*, No. 293378, 2013 WL 238676 at *1 (Mich. App. Jan. 22, 2013).[1] Mills was affiliated with Tres Manos, and the victim Jordan Clark was affiliated with the Disciples. *Id.* Trial testimony established that Mills shot Clark with a .40 caliber pistol. *Id.* at *1-3. At trial, several witnesses testified that

---

[1] The Michigan Court of Appeals summarized the evidence in some detail. *See Mills*, 2013 WL 238676 at *1-4.

Jordan Clark was unarmed and had his hands in the air at one point. *Id*. at *3. Three witnesses, including Mills, testified that Clark had a gun. *Id*. at *4. "At trial, Mills admitted that he shot Jordan Clark but claimed that he did so in self-defense because Jordan Clark had pointed a gun at him." *Id*.; *See* Trial Trans. (June 18, 2009 at pp. 13-30) (ECF No. 22-13, PageID.739-743). Following a nine-day jury trial in Kent County Circuit Court, Mills was convicted of second-degree murder, M.C.L. § 750.317, carrying a concealed weapon (CCW), M.C.L. § 750.227, and possession of a firearm during the commission of a felony (felony firearm), M.C.L. § 750.227b. *People v. Mills*, No. 293378, 2013 WL 238676 at *1 (Mich. App. Jan. 22, 2013).   On July 14, 2009, the trial court sentenced Mills to 2 years imprisonment for the felony firearm conviction, 1½ years to 5 years for the CCW conviction, and 20 to 40 years for the second-degree murder conviction. Judgment (ECF No. 22-33, PageID.944).

### B.        Post-trial motions

Mills filed a claim of appeal on July 31, 2009, and the court appointed Attorney Faraone as his counsel. Docket Sheet (ECF No. 22-1, PageID.328). However, in December 2009, Mills retained new counsel, Attorney Naesha A. Leys. *Id*. at PageID.330. On December 29, 2009, Attorney Leys moved for a new trial and evidentiary hearing based on "newly discovered evidence" set forth in the affidavit of Christine Vandevender. Motion (ECF No. 22-17). In her affidavit dated December 18, 2009, Christine Vandevender stated in pertinent part, "I saw Jordan Clark reach into his pocket to pull out an object that looked like a black and silver gun" and "say to a man on the porch, 'grab the Tec Nine' two times." Vandevender Aff. (ECF No. 22-17, PageID.802). In addition, Attorney Leys filed a motion (with two "supplements") for a new trial and evidentiary hearing for ineffective assistance of trial counsel. Motion (April 13, 2010) (ECF

No. 22-24)[2]; Supplement (April 23, 2010) (ECF No. 22-22)[3]; Supplement (April 23, 2010) (ECF No. 22-25).  The trial court held a hearing and denied the motions in a written opinion and order. Hearing Trans. (April 23, 2010) (ECF No. 22-26); Opinion and Order (June 2, 2010) (ECF No. 22-28).

In denying the motion, the trial court observed that "[t]he fact that the defendant ultimately killed the victim was never at issue."  Opinion and Order at PageID.848.  "Rather, the principal issue is whether such shooting was in self defense and/or defense of others."  *Id*.  In denying Mills' motion for a new trial based upon new evidence, the trial court stated "[a]t a minimum, the proposed 'new evidence' in this Court's opinion would **not** make a different result probable on re-trial."  *Id*. at PageID.849 (emphasis in original).  In rejecting Mills' claim of ineffective assistance of trial counsel, the trial court stated:

> Furthermore, as to the ineffective assistance of counsel claim, this Court had the benefit of observing defense counsel's performance over the course of a nine-day trial.  In this Court's opinion, trial counsel's performance was not deficient.  More important, even if there were evidence of claimed deficiency, this Court is confident that there is lacking any "reasonable probability" that but for that deficient performance, the result of the trial would have been different.[]  See *People v Matuszak*, 263 Mich App 42 (2004) and *People v Daniel*, 207 Mich App 47 (1994).

*Id*.

### C.    Appeal as of right

Mills' counsel raised four issues (with sub-issues) in his direct appeal to the Michigan Court of Appeals:

I.    The trial court's denial of the appellant's motion for a new trial based on newly discovered evidence and the denial of a request for an evidentiary hearing was an error requiring reversal.

---

[2] Respondent's Index for the Rule 5 materials identified this motion as dated April 23, 2010.
[3] Respondent's Index for the Rule 5 materials identified this motion as dated April 13, 2010.

II.      The trial court's denial of the appellant's motion for a new trial based on ineffective assistance of counsel and the trial court's denial of appellant's request for an evidentiary hearing was in error and required reversal.

III.     The appellant's constitutional right to present a defense of self-defense under the Michigan and Federal Constitutions were violated by the trial court's evidentiary rulings.  The totality of the court's rulings denied the appellant [sic] to a fair trial in violation of due process.

A.      The trial court's denial of the motion to admit photographs of the victim holding a gun was in error and the denial to introduce testimony as to the victim's character for violence was in error.

B.      The trial court's denial of the defense's request to visit the crime scene by the jury was in error.

IV.      The trial court's failure to sustain the objections to the appellant's guideline scoring was an error.

Appellate Brief (ECF No. 22-33, PageID.951-952).

The Michigan Court of Appeals affirmed the convictions and sentences.  *People v. Mills*, No. 293378, 2011 WL 1086559 (Mich. App. March 24, 2011).  After entry of this opinion, Mills' retained counsel withdrew and Mills filed a *pro se* application for leave to appeal with the Michigan Supreme Court, which that court returned to Mills without action.  *See* Application for Leave (May 25, 2011) (ECF No. 22-29, PageID.878).  The Michigan Court of Appeals re-issued its opinion in 2013, which allowed Mills to file another application for leave to appeal to the Michigan Supreme Court.  *See* discussion, *infra*.

### D.    First motion for relief from judgment

After his unsuccessful appeal as of right, Mills filed a motion for relief from judgment in the trial court pursuant to MCR 6.500 *et seq.*  *See* First Motion for relief (Oct. 10,

2011) (ECF No. 22-29); Docket Sheet at PageID.333.[4] In this motion, Mills sought relief due to his retained counsel's failure to file an application for leave to appeal to the Michigan Supreme Court:

> Mr. Mills was denied effective assistance of appellate counsel as guaranteed by both the Michigan and United States Constitutions, where appellate counsel failed to complete his fiduciary duties, and failed to properly counsel and instruct defendant after his appeal to the Michigan Court of Appeals was denied, causing defendant to miss his filing deadline with the Michigan Supreme Court through no fault of his own.

*Id*. at PageID.851.

> The trial court denied the motion, stating in pertinent part:

> Per letter dated April 13, 2011, the attorney retained to represent defendant at the Court of Appeals, wrote a letter to this Court requesting a court-appointed attorney for defendant. This request was denied. On May 16, 2011, defendant's appellate counsel wrote a letter to defendant's family notifying them that they had to file a claim of appeal with the Michigan Supreme Court within 56 days and that defendant had the option of either retaining counsel or representing himself. Defendant, apparently, chose to represent himself. On or around May 25, 2011, he filed an Application for Leave to Appeal with the Michigan Supreme Court. Defendant attached a copy of this application to the present motion. The application was received by the Michigan Supreme Court on May 27, 2011, and returned on May 31. Defendant does not allege any of the grounds required for review set forth in MCR 7.302(B).

> In the current motion, defendant claims ineffective assistance of appellate counsel in that she allegedly "failed to complete [her] fiduciary duties" and "failed to properly counsel and instruct defendant after his appeal . . . was denied." The Court finds these claims insufficient to overcome the strong presumption that counsel's assistance was effective. *See People v Effinger*, 212 Mich App 67, 69-70 (1995) ("Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise.")

> To establish a claim of ineffective assistance of counsel, defendant must show both that counsel's performance was deficient and that this deficiency prejudiced him. *People v. Reed*, 198 Mich App 639, 646-47 (1993). Deficient performance requires a showing that counsel committed an "error so serious that

---

[4] The Court notes that the motion is dated October 6, 2011, with a proof of service executed on November 30, 2011 (ECF No. 22-29, PageID.893).

[she] was not functioning as an attorney as guaranteed under the Sixth Amendment." *Id*. Prejudice requires showing "a reasonable probability that, but for counsel's error, the result of the proceedings would have been different." *Effinger*, *supra*. Neither are present here. The record establishes that defendant's counsel attempted to obtain court-appointed counsel for him. When the Court declined this request, counsel sent a letter to defendant and/or his family notifying him that her representation ended and providing guidance with respect to possible next steps. The April 13 letter to the Court indicates that counsel was retained to represent defendant in the Court of Appeals, which she did and which defendant does not dispute. In her letter to the family, she stated that she would "still be available for questions" if defendant had any. There is no indication that defendant accepted her offer. The Court does not find counsel's performance to be deficient according to the standard set forth above.

Furthermore, defendant has failed to show prejudice, in that neither his application nor the current motion identify any of the grounds for applying for leave for review by the Michigan Supreme Court. *See* MCR 7.302. His application requests the higher court review the appellate court's decision, but provides no legal basis for this.

Opinion and Order (Oct. 24, 2011) (ECF No. 22-30, PageID.894-895).

Mills filed a delayed application for leave to appeal the order to the Michigan Court of Appeals, raising one issue:

Was defendant denied the effective assistance of appellate counsel as guaranteed by both the Michigan and United States Constitutions, when appellate counsel failed to counsel, instruct, or complete his [sic] fiduciary duties as attorney for the defendant during and following defendant's first right of appeal.

Delayed application for leave (ECF No. 22-35, PageID.1112). The Michigan Court of Appeals denied Mills' delayed application "for failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Mills*, No. 307697 (April 3, 2012) (ECF No. 22-35, PageID.1108). The Michigan Supreme Court denied Mills' application for leave to appeal the April 3, 2012 for the same reason. *People v. Mills*, No. 145124 (Oct. 22, 2012) (ECF No. 22-34, PageID.1050).

6

**E.      Re-issuance of Michigan Court of Appeals' March 24, 2011 opinion and application for leave to appeal to the Michigan Supreme Court**

After his unsuccessful motion for relief from judgment, Mills filed a motion asking the Michigan Court of Appeals to re-issue the March 24, 2011 opinion. *See* Motion (ECF No. 22-33, PageID.1046-1049). That court re-issued the opinion on January 22, 2013. *See* Opinion (ECF No. 22-33, PageID.924-943); *Mills*, 2013 WL 238676. This allowed Mills to file a timely *pro se* application for leave to appeal to the Michigan Supreme Court, in which he raised the issues claimed in his appeal as of right, along with an additional claim referred to as Issue IV-C:

> The Trial Court's over-ruling the Defense objections to the admission of the following exhibits are clear error.
>
> Exhibits 43, 44, 45: Exhibit 43 and 45 are photographs in the Ovalle's garage of a bayonet and bayonet case. Exhibit 44 is a photograph of a large knife in the Ovalle garage. The Defense objected on Relevance grounds, it is inflammatory and prejudicial.

Application for leave (ECF No. 22-36, PageID.1131). The Michigan Supreme Court denied the application for leave to appeal because it was "not persuaded that the questions presented should be reviewed by this Court." *People v. Mills*, 494 Mich. 857; 830 N.W.2d 413 (May 28, 2013); Order (Mich.) (No. 146717, May 28, 2013) (ECF No. 22-36, PageID.1122).

**F.      Second motion for relief from judgment**

After the Michigan Supreme Court denied his application, Mills filed another motion for relief from judgment in the trial court pursuant to MCR 6.500 *et seq*., claiming newly discovered evidence of ineffective assistance of counsel:

> Mr. Mills was denied the effective assistance of counsel and newly discovered evidence proves the constitutional violation.

Motion for relief (April 29, 2014) (ECF No. 22-31) (ECF No. 22-31, PageID.898).  The trial court denied the motion both on the merits and as procedurally barred (as a second motion for relief from judgment):

> Before the Court are three related motions filed by defendant Ellis Mills, III: a motion for relief from judgment under MCR 6.500 et seq., a motion for appointment of counsel, and a motion to conduct an evidentiary hearing. For the reasons explained below, defendant's motions are respectfully DENIED because his motion for relief from judgment is a subsequent motion barred by MCR 6.502(G) and his motions otherwise lack merit.
>
> On June 9, 2009, a jury found defendant guilty of second-degree murder, carrying a concealed weapon, and felony firearm. On July 14, 2009, he was sentenced to 20 to 40 years on the murder charge, 18 to 60 months on the concealed weapon charge, and 2 years on the felony firearm charge. The convictions and sentences were affirmed after defendant appealed. Defendant filed his first motion for relief from judgment in October 2011, but that motion was denied and his efforts to appeal that denial were unsuccessful.
>
> Generally, "one and only one motion for relief from judgment may be filed with regard to a conviction." MCR 6.502(G)(1).  A subsequent motion for relief from judgment may only be filed when "based on a retroactive change in law that occurred after the first motion for relief from judgment or a claim of new evidence that was not discovered before the first such motion."  MCR 6.502(G)(2).
>
> In the present motion for relief from judgment, defendant now argues that he received ineffective assistance of counsel due to trial counsel's alleged failure to adequately advise him regarding a plea offer. This is the first time this issue was raised. He also requests an evidentiary hearing and appointment of counsel to assist him with this motion. According to defendant, this motion is based on "new evidence" because he now has an affidavit from someone named Judy Weimer discussing a plea offer for 11 to 26 years incarceration on the second-degree murder charge. Based on the affidavit, it appears trial counsel told defendant about this offer, but advised him against accepting it because he felt optimistic about defendant's chances at trial.
>
> Respectfully, this affidavit is not "new evidence". Defendant's motion and the affidavit suggest defendant was aware of the alleged plea offer in 2008 and he decided to reject it with the advice of counsel. If true, this was known by defendant since the events occurred in 2008. The fact that he recently got someone else to sign an affidavit discussing the offer does not suddenly create an exception to the limits

on subsequent motions for relief from judgment. Defendant's motion is barred by MCR 6.502(G).

Additionally, even if this were not barred as a subsequent motion for relief from judgment, defendant's motion lacks merit. In a motion for relief from judgment, "[t]he defendant has the burden of establishing entitlement to the relief requested." MCR 6.508(D). Except when a jurisdictional defect is at issue, if the motion is based on grounds for relief which could have previously been raised on appeal from the conviction and sentence, the defendant must demonstrate both "good cause for failure to raise such grounds on appeal" and "actual prejudice from the alleged irregularities that support the claim for relief." MCR 6.508(D)(3).

Ineffective assistance of counsel could have been raised on appeal, and defendant has not shown good cause for the failure to raise this issue on appeal. Defendant would have been aware of the plea offer and trial counsel's advice at the time of the conviction and sentence. He has not explained why he did not raise this issue on appeal, and he only raises it for the first time nearly five years after his conviction. Defendant has also failed to show actual prejudice. With respect to a conviction following trial, "actual prejudice" means that "but for the alleged error, the defendant would have had a reasonably likely chance of acquittal", or "the irregularity was so offensive to the maintenance of a sound judicial process that the conviction should not be allowed to stand regardless of its effect on the outcome of the case." MCR 6.508(D)(3)(b)(i), (iii). The alleged error in this case was that trial counsel was optimistic about defendant's chances at trial and advised him against accepting a plea offer, but trial did not go as well as expected. This does not suggest any likelihood of acquittal or offense to the judicial process that would justify relief from these convictions.

Furthermore, all defendant has stated is that trial counsel advised him against taking a plea offer, and the plea offer was favorable compared to the eventual result at trial. When addressing claims of ineffective assistance of counsel, a Court "neither substitutes its judgment for that of counsel regarding matters of trial strategy, nor makes an assessment of counsel's competence with the benefit of hindsight." *People v Matuszak*, 263 Mich App 42, 58 (2004). In this case, defendant has only provided hindsight, and he has not shown that trial counsel was constitutionally ineffective for giving such advice at the time.

Opinion and Order (May 8, 2014) (ECF No. 22-32, PageID.921-922).  Accordingly, the trial court

denied Mills' motions for relief from judgment, for an evidentiary hearing, and for appointment of

counsel on the merits.  *Id*. at PageID.923.  In addition, the Court found that Mills' motion for relief

from judgment "is a subsequent motion barred by MCR 6.502(G), and he has failed to show any

proper grounds for relief."  *Id.*

### G.    Federal habeas petition

Mills did not appeal this order to the Michigan Court of Appeals.  Rather, about

one month later Mills filed his federal habeas petition raising five claims (with subparts):

> I.    The trial court's denial of [Mills'] motion for a new trial based on newly
> discovered evidence and the denial of a request for an evidentiary hearing was an
> error requiring reversal.
>
> II.    The trial court's denial of [Mills'] motion for a new trial based on
> ineffective assistance of counsel and the trial court's denial of [Mills'] request for
> an evidentiary hearing was in error and required reversal.
>
> III.    [Mills'] constitutional right to present a defense of self-defense under the
> Michigan and Federal Constitutions were violated by the trial court's evidentiary
> rulings.  The totality of the court's rulings denied [Mills'] right to a fair trial in
> violation of due process.
>
> > A.    The trial court's denial of [Mills'] motion to admit photographs of
> > the victim holding different guns was in error and the denial to introduce testimony
> > as to the victim's character for violence was in error.
> >
> > B.    The trial court's denial of [Mills'] request to visit the crime scene by
> > the jury was in error.
>
> IV.    The trial court's failure to [sustain] the objections to [Mills'] guideline
> scoring was an error.
>
> V.    [Mills] was denied the effective assistance of appellate counsel as
> guaranteed by both the Michigan and United States Constitutions, where appellate
> counsel failed to counsel, instruct, or complete his [sic] fiduciary duties as attorney
> for [Mills] during and following [Mills'] first right of appeal.

Petition (June 5, 2014) (ECF No. 1).

Mills also filed a "Motion to hold the habeas petition in abeyance" (ECF No. 5)

pending the Kent County Circuit Court's decision on his motion for relief from judgment. In this

10

regard, Mills dated his motion on May 1, 2014 (a week before the trial court addressed his motion), but filed his petition over a month later on June 5, 2014.  Based on documentation provided by Mills, this Court found that the five issues raised in the petition were presented to and rejected by the Michigan Courts on direct and collateral review.  Opinion (ECF No. 8, PageID.200).   On July 3, 2014, this Court granted Mills' motion to stay so that he could file another motion for relief from judgment in the state court and required him to file an amended petition to include any subsequently exhausted claims.  Order (ECF No. 9).  Ultimately, this Court lifted the stay and allowed Mills to "proceed on his initial habeas petition."  Order (ECF No. 12).  Finally, after this matter was fully briefed, Mills retained Attorney Carron, who sought leave to file "Petitioner's 2nd Supplement/Amendment to brief in support of writ of habeas corpus" (ECF No. 33).  The Court allowed this supplement.  *See* Order (ECFR No. 35).  Accordingly, this matter being fully briefed, the Court will address the five issues raised in the habeas petition (ECF No. 1).

## II.    Standard of review under 28 U.S.C. § 2254

Petitioner seeks relief under 28 U.S.C. §2254, which provides that "a district judge shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  Before petitioner may seek such relief in federal court, he must first fairly present the substance of his federal claims to all available state courts, thereby exhausting all state remedies.  *See* 28 U.S.C. §2254(b)(1)(A); *Picard v. Connor*, 404 U.S. 270, 275 (1971) ("once the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied").  Here, petitioner has exhausted all state remedies.

11

Where the state court has adjudicated a claim on its merits, the federal district court's habeas corpus review is limited by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides in pertinent part that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal."  *Harrington v. Richter*,  562 U.S. 86, 101-102 (2011) (internal quotation marks omitted).  The federal habeas statute "imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*,  559 U.S. 766, 773 (2010) (internal quotation marks and citations omitted).  This deferential standard "requires petitioner to show 'the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing [Supreme Court precedent] beyond any possibility for fairminded disagreement.'" *Blackmon v. Booker*, 696 F.3d 536, 538 (6th Cir. 2012), quoting *Harrington*, 562 U.S. at 103.

Under the "contrary to" clause of § 2254(d)(1), "a federal habeas court may grant the writ only if the state court arrived at a conclusion opposite to that reached by the Supreme

Court on a question of law, or if the state court decided the case differently than the Supreme Court has on a set of materially indistinguishable facts." *Jalowiec v. Bradshaw*, 657 F.3d 293, 301 (6th Cir. 2011), citing *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).  Under the "unreasonable application" clause of § 2254(d)(1), "a federal court may grant the writ only if the state court identified the correct governing legal principle from the Supreme Court's decisions but unreasonably applied that principle to the facts of the petitioner's case." *Id*.  A court may not issue a writ of habeas corpus "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411.  Rather, to grant habeas relief, the state court's application of the law must be found to be "objectively unreasonable." *Id.* at 409.  "[E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington*, 562 U.S. at 102. "If this standard is difficult to meet, that is because it was meant to be." *Id.*

Finally, "a determination of a factual issue made by a State court shall be presumed to be correct" and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).  This presumption of correctness applies to the factual findings of a state appellate court based on the state trial record.  *Brumley v. Winegard*, 269 F.3d 629 (6th Cir. 2001).

### III.    Discussion

### A.    Newly discovered evidence (Issue I)

The Michigan Court of Appeals summarized Mills' claim as follows:

Mills moved for a new trial based on newly discovered evidence in the form of a witness, Christine Vandevender. Christine Vandevender is Alexandra Vandevender's sister. Mills claims that Christine Vandevender would have testified

13

that she saw Jordan Clark with a gun and that Jordan Clark was instructing others to get their guns as well.

*Mills*, 2013 WL 238676 at *5.  By way of background, Alexandra Vandevender was affiliated with Mills.  Alexandra was the girlfriend of Pablo Ovalle, the latter being a member of Tres Manos and identified as "Mills' best friend."  *Id*. at *1.   The Michigan Court of Appeals concluded that the trial court did not abuse its discretion in denying Mills' motion for a new trial, because Mills failed to satisfy the requirements for a new trial under Michigan law.  *Id*. at *5-6.

Mills' claim is not cognizable on federal habeas review.

"A claim of actual innocence based upon newly discovered evidence is not grounds for federal habeas relief." *Hence v. Smith*, 37 F.Supp.2d 970, 980 (E.D.Mich.1999)(Gadola, J.). "[F]ederal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution, not to correct errors of fact." *Herrera v. Collins*, 506 U.S. 390, 400, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993). A claim that a habeas petitioner is entitled to relief based upon the failure of a state trial judge to grant him a trial on the basis of newly discovered evidence is not cognizable in a habeas proceeding. *J.C. Dickey v. Dutton*, 595 F.Supp. 1, 2 (M.D.Tenn.1983). Thus, petitioner's claim that he has newly discovered evidence of his innocence does not state a claim upon which habeas relief can be granted. *See Johnson v. Hofbauer*, 159 F.Supp.2d 582 (E.D.Mich. 2001) (Tarnow, J.).

*Monroe v. Smith*, 197 F. Supp. 2d 753, 763 (E.D. Mich. 2001).  Accordingly, this claim of error should be denied.

## B.    Ineffective assistance of trial counsel (Issue II)

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth a two-prong test to determine whether counsel's assistance was so defective as to require reversal of a conviction.  First, the defendant must show that counsel's performance was deficient.  "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687.  "In this regard, the court will 'indulge a strong presumption that counsel's conduct falls within the

14

wide range of reasonable professional assistance." *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994)(quoting *Strickland*, 466 U.S. at 689).

Second, the defendant must show that counsel's deficient performance prejudiced the defense, i.e., "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland,* 466 U.S. at 687.  "[A]ctual ineffectiveness claims alleging a deficiency in attorney performance are subject to a general requirement that the defendant affirmatively prove prejudice." *Strickland*, 466 U.S. at 693.  "Even if a [petitioner] shows that particular errors of counsel were unreasonable, therefore, the [petitioner] must show they actually had an adverse effect on the defense." *Id*.  The appropriate test is whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*.  at 694.  In making this determination, the court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."  *Id.* at 690.

Under *Strickland*, the reviewing court's scrutiny of counsel's performance is highly deferential, and the court is to presume that counsel rendered adequate assistance and made decisions with reasonable professional judgment.  *Id.* at 689-690.  "Surmounting *Strickland*'s high bar is never an easy task."  *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010).  "Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult," because "[t]he standards created by *Strickland* and § 2254(d) are both 'highly deferential', and when the two apply in tandem, review is 'doubly' so[.]" *Harrington*, 562 U.S. at 105 (internal citations omitted).  "When § 2254(d) applies, the question is not whether counsel's actions were

reasonable," but rather "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

Mills claims that his trial counsel was ineffective for a number of reasons, relying on the arguments presented in his state appellate brief. *See* Brief (ECF No. 1-1, PageID.37-65). After setting forth the appropriate standard of review, the Michigan Court of Appeals addressed each of Mills' claims.[5] The Court will review each claim in turn.

### 1.    Failure to interview and call rebuttal witnesses

The Michigan Court of Appeals addressed this claim as follows:

Mills argues that his defense counsel erred by failing to interview and call three witnesses that could have rebutted the neighbor, Sam Otteran's, testimony. It is presumed to be trial strategy if counsel declines to call a witness at trial. [*People v. Avant*, 235 Mich. App 499, 508; 597 NW2d 864 (1999).] "This Court will not substitute its judgment for that of trial counsel in matters of trial strategy." [*Id.*]

At trial, Otteran testified that Jordan Clark did not have a gun when Mills shot him. Mills claims that these three witnesses would have testified that Otteran had told them, before the trial, that Jordan Clark did have a gun when Mills shot him.

The testimony of the three witnesses who were not called would only be useful to impeach Otteran's testimony at trial. When the sole utility of newly discovered evidence is to impeach a witness, such evidence is cumulative. [*People v. Barbara*, 400 Mich. 352, 363; 255 NW2d 171 (1977).] Even if Mills could have successfully used the witnesses to impeach Otteran, there was still substantial testimony supporting Otteran's testimony at trial that Jordan Clark was not armed at the time of the shooting. Otteran was one of 12 witnesses who testified that Jordan Clark was unarmed at the time of the shooting.

Moreover, anything that the witnesses would have claimed that Otteran told them would have been objected to on the grounds of hearsay, [MRE 801(c).] and hearsay is generally inadmissible unless an exception applies. [MRE 802.] The only logical hearsay exception would be that Otteran's statements qualified as excited utterance. [MRE 803(2).] But in this case, Otteran did not make the statements

---

[5] The legal citations do not appear in the body of the appellate court opinion. Rather, the citations are listed as 66 footnotes at the end of the opinion. For purposes of this report, the Court will incorporate the citations into the body of the quoted passages.

until just before trial, which was 11-12 months after the incident. Excited utterance would fail as an exception to hearsay.

Further, Mills and Schondelmayer-Hoffman both testified that Jordan Clark did have a gun at the time of the shooting, effectively supporting Mills' claim of self-defense. The three witnesses not testifying did not deprive Mills of a defense. It is feasible and necessary to presume Mills' counsel's refusal to call the witnesses was trial strategy, and Mills has not effectively rebutted this presumption.

*Mills*, 2013 WL 238686 at *7.

An attorney's decision as to whether to call a particular witness is presumed to be a matter of trial strategy.

It is the responsibility of counsel to make strategic decisions at trial and sentencing. *See Strickland*, 466 U.S. at 672-73. The decision of "whether to call a witness" and "how to conduct a witness's testimony are classic questions of trial strategy." *Rayborn v. United States*, 489 F. App'x 871, 878 (6th Cir. 2012)[.]

*Hogan v. United States*, No. 1:13-cv-248, 2014 WL 2207186 at *2 (W.D. Mich. May 28, 2014).

"Courts presume that defense counsel has rendered adequate assistance by exercising reasonable professional judgment and sound trial strategy." *Austin v. Bell*, 126 F.3d 843, 848 (6th Cir. 1997). Here, Mills has not rebutted that presumption.  The state appellate court's decision points out that the testimony of the three witnesses would have been inadmissible hearsay.  Furthermore, Otteran's testimony was supported by 11 other witnesses.   Based on this record, Mills' counsel's decision not to call these three witnesses was a matter of trial strategy which cannot form the basis for ineffective assistance of counsel.  Accordingly, this claim of error should be denied.

## 2.     Failure to call or interview expert witnesses

### a.     A gang expert

The Michigan Court of Appeals addressed this claim as follows:

Mills argues that his defense counsel was ineffective by failing to call or interview an expert on gangs. At trial, the prosecution called a Grand Rapids police

17

officer to testify as an expert in youth gangs. Mills claims that his counsel should have investigated an expert "in rebuttal to the officer's testimony." He claims that expert testimony "would have likely helped to educate the jury which probably had little experiences [sic] with gangs and gang members." However, Mills does not mention how the lack of a rebutting gang expert prejudiced him. He has not shown that an expert witness would have testified in support of his defense. He also does not state or claim that the outcome would have been different had his counsel called such an expert. Mills fails to state exactly what a gang expert, called by his counsel, would have testified to that would have benefited his defense. Also, as previously noted, counsel's decision whether to call a witness is presumed to be trial strategy. [*Avant*, 235 Mich. at 598.] Mills cannot rebut that presumption, nor can he meet his burden of showing that his counsel's failure to call an expert in gang lifestyle fell below an objective standard of reasonableness.

*Mills*, 2013 WL 238686 at *7.   The state appellate court appropriately concluded that Mills' counsel's decision not to call a rebuttal gang expert was a reasonable trial strategy.  Furthermore, Mills did not demonstrate how he was prejudiced by counsel's failure to call a rebuttal gang expert. Accordingly, this claim of error should be denied.

### b.    Gunshot residue expert

The Michigan Court of Appeals addressed this claim as follows:

Mills argues that his counsel was ineffective for failing to call a gunshot residue expert. However, he merely claims that an expert could have "helped" at trial. Mills must prove that a different outcome was probable, and merely arguing that an expert would have "helped" at trial falls far short of this burden. Further, Mills admitted to shooting Jordan Clark. We are unaware of any assistance a gunshot residue expert could have provided Mills at trial.

*Mills*, 2013 WL 238686 at *8. Mills failed to demonstrate how a gunshot residue expert would provide any assistance in his trial.  The state appellate court appropriately concluded that his counsel was not ineffective for failing to call such an expert.  Accordingly, this claim of error should be denied.

### c.    Photography expert

The Michigan Court of Appeals addressed this claim as follows:

18

Mills argues that his defense counsel was deficient because he did not call or interview an expert in photographs. At trial, defense counsel tried to introduce photographs of Jordan Clark with various guns, but the introduction was denied because the photographs could not be authenticated. Mills nevertheless claims that defense counsel should have consulted with someone to try to authenticate the photos. Again, defense counsel's failure to consult an expert falls far below the burden that Mills must prove. Mills does not explain how the photographs would have been used to aid his defense. Also, a photograph expert would be unfamiliar with the path or origin of the photos, so it is uncertain how he could have authenticated them at trial.

*Mills*, 2013 WL 238686 at *8.  Mills failed to demonstrate how a photography expert would provide any assistance in his trial.  The state appellate court properly concluded that his counsel was not ineffective for failing to call such an expert.  Accordingly, this claim of error should be denied.

### 3.    Failure to perform voir dire

The Michigan Court of Appeals addressed this claim as follows:

Mills argues that his defense counsel was deficient because counsel failed to perform voir dire. In making this argument, Mills essentially claims that counsel was ineffective in the manner he performed voir dire. Mills claims that defense counsel failed to "talk with prospective jurors regarding the issue of self defense," failed to ask jurors about their knowledge and experiences with gangs, and failed to ask jurors about witness credibility.

"The purpose of voir dire is to elicit enough information for development of a rational basis for excluding those who are not impartial from the jury." [*People v. Tyburski*, 445 Mich. 606, 618; 518 NW2d 441 (1994).] In other words, the purpose of voir dire is to excuse those jurors who would be biased in their decision-making abilities. "[T]here is no right to any specific procedure for engaging in voir dire. There is simply a right to a jury whose fairness and impartiality are assured by procedures generally within the discretion of the trial court."  [*People v. Sawyer*, 215 Mich.App 183, 191; 545 NW2d 6 (1996).] In this case, Mills asserts that his defense counsel did not mention self-defense to potential jurors. But his failure to mention self-defense does not show that the jurors were biased as a result. Further, it is at trial where jurors will be educated on the laws of self-defense, not during voir dire. Similarly, defense counsel not asking potential jurors how they would

gauge witness credibility does not show that the potential jurors were biased in their decision-making abilities. Thus, we find no merit to Mills' contention.

*Mills*, 2013 WL 238686 at *8.

"The primary purpose of the voir dire of jurors is to make possible the empanelling of an impartial jury through questions that permit the intelligent exercise of challenges by counsel." *United States v. Blount*, 479 F.2d 650, 651 (6th Cir. 1973).  Counsel is granted "particular deference" when conducting *voir dire*.  *Keith v. Mitchell*, 455 F.3d 662, 676 (6th Cir. 2006), quoting *Hughes v. United States*, 258 F.3d 453, 457 (6th Cir. 2001). "An attorney's actions during voir dire are considered to be matters of trial strategy." *Hughes*, 258 F.3d at 457.  "A strategic decision cannot be the basis for a claim of ineffective assistance unless counsel's decision is shown to be so ill-chosen that it permeates the entire trial with obvious unfairness." *Id*.  For the reasons discussed by the state appellate court, Mills' counsel was not ineffective during *voir dire*. Counsel's voir dire of jurors was not so unreasonable as to permeate the trial with obvious unfairness.  Accordingly, this claim of error should be denied.

### 4.    Failure to object during prosecution's voir dire

The Michigan Court of Appeals addressed Mills' claim of error as follows:

Mills argues that his defense counsel was deficient for not objecting to the prosecutor's comments during voir dire. Mills claims that the prosecutor made statements regarding Christianity that left the jury with a "certain feeling." Mills takes the statements out of context. During voir dire, a potential juror stated, "I'm a devoted Christian, and its [sic] against my religious beliefs to judge another man." The juror, when questioned, explained, "I feel that God should judge, not me." The prosecutor then told the potential juror that he too was Christian, but that he was only concerned with the juror's ability to fairly judge in Mills' case. Mills' defense counsel also questioned the prospective juror about religion, and the prospective juror was removed for cause. Mills' defense counsel may not have objected to the questioning as a matter of trial strategy. He may have thought an objection to a "Christianity" question could damage his reputation with the jury. Further, Mills fails to show any harm that occurred as a result of the prosecutor's questioning. The

prospective juror was ultimately removed. Mills fails to show his defense counsel was ineffective during voir dire.

*Mills*, 2013 WL 238686 at *8. As discussed, the primary purpose of the voir dire of jurors is to empanel an impartial jury. *Blount*, 479 F.2d at 651. Here, the prosecutor was inquiring as to why a potential juror would not sit in judgment of another person. This inquiry was reasonable. Furthermore, the state appellate court's decision pointed out that Mills failed to show any harm from the prosecutor's questions on voir dire. Accordingly, this claim of error should be denied.

### 5.    Failure to cross–examine witnesses

### a.    Cross–examination regarding criminal history

The Michigan Court of Appeals addressed this claim of error as follows:

> Mills argues that his defense counsel was ineffective because he failed to cross-examine two of the prosecution's witnesses with questions about their criminal history. Evidence that a witness was involved in a prior crime may be used to impeach that witness if the prior crime contained 1) an element of dishonesty or false statement, or 2) an element of theft. [MRE 609(a).] Mills claims that his current appellate counsel has conducted an investigation into the criminal history of Delgado and Lopez. Mills claims that both have "criminal histories that would allow for impeachment under MRE 609." However, Mills fails to explain these "criminal histories," state how they could be used to impeach, or argue why previous defense counsel was ineffective for not cross-examining the witnesses regarding this issue. As such, Mills cannot show that his trial counsel's performance fell below objective standards of reasonableness. He also has not shown that a different result would have been likely had his defense counsel attempted to impeach the witnesses under MRE 609.

*Mills*, 2013 WL 238676 at *9. Mills failed to establish how his trial counsel could have impeached witnesses Delgado and Lopez on cross examination, *e.g.*, their criminal relevant history, whether that criminal history could be used for impeachment under MRE 609(e), and what would be gained by such cross-examination. The state appellate court appropriately rejected this cursory claim of ineffective assistance. Accordingly, this claim of error should be denied.

21

### b.    Cross-examination of medical expert

The Michigan Court of Appeals addressed this claim of error as follows:

> Mills also contends that his defense counsel's failure to cross-examine a medical expert regarding a prior gunshot Jordan Clark had sustained contributed to his counsel being ineffective. Mills simply states that his trial counsel "failed to inquire." Again, Mills offers no proof that would allow him to carry his burden of showing that his defense counsel was ineffective. He states no questions that his defense counsel should have asked or even what he hoped to achieve from cross-examining the medical expert about a prior injury that Jordan Clark suffered. Mills falls far short of meeting his burden to show ineffective assistance of counsel.

*Mills*, 2013 WL 238676 at *9.  An unsupported allegation of ineffective assistance of counsel fails to overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.  The state appellate court appropriately rejected this cursory and unsupported claim of ineffective assistance.  Accordingly, this claim of error should be denied.

### c.    Cross-examination of Jenna Ruiz

The Michigan Court of Appeals addressed this claim of error as follows:

> Similarly, Mills contends that his defense counsel was ineffective because he failed to cross-examine Jenna Ruiz regarding a statement that she made before she took the stand. Mills claims that she allegedly asked Evelio Ruiz why he lied by saying that Jordan Clark did not have a gun. But Jenna Ruiz, herself, testified that she saw no one with a weapon except for Mills. This Court is restricted to ruling only on facts that are part of the record. [*Wilson*, 242 Mich. App at 352.]  This statement is not part of the record. Regardless, defense counsel's decisions on how to cross-examine a witness are a matter of trial strategy. [*In re Ayers*, 239 Mich. App 8, 23; 608 NW2d 132 (1999).]

*Mills*, 2013 WL 238676 at *9.

"The cross-examination of a witness is a delicate task; what works for one lawyer may not be successful for another. Courts generally entrust cross-examination techniques, like other matters of trial strategy, to the professional discretion of counsel." *Hicks v. United States*,

22

No. 1:13-cv-1279, 2015 WL 7460066 at *6 (W.D. Mich. Nov. 24, 2015), quoting *Henderson v. Norris*, 118 F.3d 1283, 1287 (8th Cir. 1997). "Impeachment strategy is a matter of trial tactics, and tactical decisions are not ineffective assistance of counsel simply because in retrospect better tactics may have been available." *Dell v. Straub*, 194 F. Supp. 2d 629, 651 (E.D. Mich. 2002). The appellate court appropriately addressed this claim of error as involving a matter of trial strategy. Accordingly, this claim of error should be denied.

### 6.    Failure to file pretrial motions

Mills contends that his defense counsel was ineffective because counsel failed to file certain pretrial motions.

### a.    Motion for bill of particulars

The Michigan Court of Appeals addressed this claim as follows:

> Mills first argues that his defense counsel failed to file a motion for a bill of particulars. Mills does not state why his counsel's failure to file a bill of particular renders his counsel ineffective. Mills also does not state why a bill of particulars should have been filed or what it would have accomplished. A bill of particulars is not necessary when the prosecution has fully informed Mills of the nature and elements of the crime that he is being prosecuted for. [*People v. Earl*, 299 Mich. 579, 581; 300 NW2d 890 (1941).] In this case, Mills was convicted of second-degree murder under MCL 750.317; carrying a concealed weapon under MCL 750.227; and possession of a firearm during the commission of a felony (felony-firearm) under MCL 750.227b. All of these convictions were derived from Mills' violation of the corresponding statute. There is no indication that Mills did not have adequate information on the statute, charges, or elements against which he was defending. There is no indication of how a bill of particulars would have aided Mills' defense of these statutes. Further, "defense counsel is not required to make motions that have no merit." [*People v. Ish*, 252 Mich.App 115, 118-119; 652 NW2d 257 (2002).] Regardless, Mills only mentions this issue in passing, and this Court is not obligated to rule on the issue because an issue that is insufficiently briefed is deemed to be abandoned on appeal. [*Greater Bethesda Healing Springs Ministry v. Evangel Builders & Construction Managers*, 282 Mich. App 410, 413; 766 NW2d 874 (2009).] Mills cannot meet his burden of showing that his counsel's failure to file a motion for a bill of particulars fell below reasonable standards or would have affected the outcome.

23

*Mills*, 2013 WL 238676 at *9.  The state appellate court properly addressed Mills' claim under the appropriate standard. Accordingly, this claim of error should be denied.

### b.    Motion requesting independent testing

The Michigan Court of Appeals addressed this claim as follows:

> Mills also argues that his defense counsel was ineffective because counsel did not file a pre-trial motion requesting independent testing of the victim's clothing. Mills argues that "an examination of the victim's clothing may have revealed gunshot residue." No one is claiming that Jordan Clark fired a weapon. At most, to support his self-defense claim, Mills asserts only that Jordan Clark was armed. None of the 15 witnesses reported hearing or seeing Jordan Clark fire a gun, and most testified he did not even have a gun. Moreover, even if an expert had tested for gunshot residue, it could only show that Jordan Clark had recently fired a weapon, not that he fired at Mills. There is no reason to believe that if Mills' attorney had filed a motion, it would have made any difference or even been relevant. Again, "defense counsel is not required to make motions that have no merit."  [*Ish*, 252 Mich. App at 118-119.] 31 Mills cannot carry his burden of showing that his counsel was ineffective for not filing a motion to have the victim's clothing tested for gunshot residue.

*Mills*, 2013 WL 238676 at *10.

Counsel cannot be ineffective for failing to raise meritless or futile objections.  *See Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir. 2013) ("[o]mitting meritless arguments is neither professionally unreasonable nor prejudicial"); *United States v. Sanders*, 165 F.3d 248, 253 (3rd Cir. 1999) ("[t]here can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a meritless argument"); *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998) ("[c]ounsel was not required to raise meritless arguments to avoid a charge of ineffective assistance of counsel");  *Lilly v. Gilmore*, 988 F.2d 783, 786 (7th Cir. 1993) ("[t]he Sixth Amendment does not require counsel . . . to press meritless issues before a court").  The state

24

appellate court properly addressed Mills' claim under the appropriate standard.  Accordingly, this claim of error should be denied.

### 7.    Failure to hire a private investigator

The Michigan Court of Appeals addressed this issue as follows:

> Mills argues that his defense counsel was ineffective because counsel failed to hire a private investigator in order to get criminal histories of the prosecution witnesses. Mills claims that if his counsel had obtained an investigator, it would have allowed his counsel more time to interview witnesses and bring them forward at trial. He cites *People v. Grant*, which states, "'Counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary.'" [*People v. Grant*, 470 Mich. 477, 485; 684 NW2d 686 (2004), quoting *Strickland v. Washington*, 466 U.S. 668, 691; 104 S Ct 2052; 80 L.Ed.2d 674 (1984).]  However, Mills' case is easily distinguishable from *Grant*. In *Grant*, defense counsel failed to investigate a possible defense to a sexual conduct claim.  [*Grant*, 470 Mich. at 479.]  But Mills is arguing that his counsel was ineffective for failing to hire an investigator, not for failing to conduct an investigation. Mills also fails to show what, if any, benefit that more time to interview the witnesses would have created. Mills cannot carry the burden of showing his counsel's failure to hire an investigator rendered his counsel ineffective.

*Mills*, 2013 WL 238676 at *10.  The state appellate court properly addressed Mills' claim under the appropriate standard.  Accordingly, this claim of error should be denied.

### 8.  Request for evidentiary hearing

In a related claim, Mills contends that the trial court erred in failing to provide him with an evidentiary hearing based on ineffective assistance of counsel.  The Michigan Court of Appeals addressed this claim in pertinent part as follows:

> "A trial court's decision whether to hold an evidentiary hearing is reviewed for an abuse of discretion."[*People v. Unger*, 278 Mich. 210, 217; 749 NW2d 272 (2008).] An abuse of discretion occurs when the trial court's ruling falls outside the range of principled and reasonable outcomes.  [*Id.*]

*Mills*, 2013 WL 238676 at *10.   "Denial of an evidentiary hearing in state court is not cognizable on habeas review."  *Phillips v. Woods*, No. 2:15-cv-25, 2016 WL 6155691 at *4 (W.D. Mich. Oct. 24, 2016).  *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions").  Accordingly, this claim should be denied.

### 9.    Summary

Mills raised a number of claims of ineffective assistance of trial counsel.  For the reasons discussed in § III.B., *supra*, the Michigan Court of Appeals' decision was neither contrary to, nor an unreasonable application of, clearly established Federal law as determined by the Supreme Court; nor was the decision based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d).  Accordingly, Mills is not entitled to relief on these claims.

### C.    Right to present a defense

Mills contends that the trial court made two evidentiary rulings which denied his constitutional right to present his claim of self-defense.  "The right of an accused in a criminal trial to due process is, in essence, the right to a fair opportunity to defend against the State's accusations." *Chambers v. Mississippi*, 410 U.S. 284, 294 (1973).  However, "[a] defendant's right to present relevant evidence is not unlimited, but rather is subject to reasonable restrictions." *United States v. Scheffer*, 523 U.S. 303, 308 (1998).

> With regard to evidentiary rulings, the standard for habeas relief is not easily met. "[F]ederal habeas courts review state court evidentiary decisions only for consistency with due process." *Coleman v. Mitchell*, 268 F.3d 417, 439 (6th Cir. 2001). "A state court evidentiary ruling will be reviewed by a federal habeas court only if it were so fundamentally unfair as to violate the petitioner's due process rights." *Coleman v. Mitchell*, 244 F.3d 533, 542 (6th Cir. 2001). Moreover, such

26

rulings "are usually not to be questioned in a federal habeas corpus proceeding." *Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir. 2000) (quoting *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir.1988)).

*Wilson v. Sheldon*, 874 F.3d 470, 475 (6th Cir. 2017). "Ultimately, states have wide latitude with regard to evidentiary matters under the Due Process Clause." *Id*. at 476.

### 1.    Failure to admit photographs of the victim holding guns

The Michigan Court of Appeals addressed the issue in pertinent part as follows:

Mills claims that the trial court erred when it excluded "several photographs of the victim's Myspace page (a social networking site) that depicted [the victim] holding a black and silver gun and various guns." The trial court decides whether photographs should be admitted. [*Gayheart*, 285 Mich. App at 227]. A defendant may admit evidence of a homicide victim's character for aggression. [MRE 404(a)(2).] Mills can prove the character of Jordan Clark by reputation or opinion or specific instances of conduct. [MRE 405.] MRE 405 states:

(a) Reputation or Opinion. In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion. On cross-examination, inquiry is allowable into reports of relevant specific instances of conduct.

(b) Specific Instances of Conduct. In cases in which character or a trait of character of a person is an essential element of a charge, claim, or defense, proof may also be made of specific instances of that person's conduct.[*Id*.]

A victim's character generally "may not be shown by specific instances of conduct unless those instances are independently admissible to show some matter apart from character as circumstantial evidence of the conduct of the victim on a particular occasion." [*People v. Harris*, 458 Mich. 310, 319; 583 NW2d 680 (1998).]

*Mills*, 2013 WL 238676 at *11-12.

The state appellate court concluded that the trial court did not abuse its discretion in excluding the photographs and agreed with the trial court's decision that under Michigan law, "the photographs are specific acts rather than character evidence." *Id*. at *12. The appellate court

also stated that "there is no indication that Mills saw the photos or was aware of them at the time of the incident." *Id*,  Furthermore, there was no evidence that Mills could authenticate the photographs, with the appellate court noting that Mills: did not know who took the photographs; who posted the photographs on Myspace; "has no way of knowing if the photos were altered in any way;" and,  "cannot even prove that the guns in the photos are real because he does not have any of this information." *Id*.  The trial court had multiple grounds for excluding these photographs. Nothing in the record indicates that this evidentiary ruling was "so fundamentally unfair as to violate the petitioner's due process rights." *Coleman*, 244 F.3d at 542.  Accordingly, this claim is not cognizable on habeas review.

### 2.      Failure to allow the jury to visit the crime scene

Mills also claims that the trial court abused its discretion when it denied his motion for the jury to visit the crime scene.  The Michigan Court of Appeals rejected this claim, stating in pertinent part:

> Mills claims that the jury would have had a better idea of the events that transpired had it been allowed to view the scene of the incident. "Where . . . a judge finds that photographs in conjunction with a diagram accurately depict the scene of a crime, that there is no factual dispute concerning the accuracy of the photographs, and that a view would not help decide the facts in this case, an abuse of discretion cannot be said to have occurred." [*People v. Anderson*, 112 Mich. App 640, 648; 317 NW2d 205 (1981).]  In this case, there were numerous photographs of the crime scene. There was also a diagram that depicted the relevant area with precise measurements and landmarks. Mills vaguely states that there is a dispute about the distance between Mills and Jordan Clark at the time of the shooting. Mills contends that if a jury could look at the crime scene, it would better understand the distance between Mills and Jordan Clark. Mills does not state how or why this would help the jury understand the case.

*Mills*, 2013 WL 238676 at *12.

28

In *Wheeldon v. Campbell*, No. 2:16-CV-10041, 2016 WL 2910083 (E.D. Mich. May 19, 2016), Judge Arthur J. Tarnow succinctly explained why jury visit claims like those asserted by Mills are not cognizable on federal habeas review:

> State court judges in Michigan have discretionary authority to permit juries to view crime scenes.  *See* Mich. Comp. Laws § 768.28; Mich. Ct. R. 6.414 (F). Under federal law as well, "[a] trial court's decision to allow or disallow a jury viewing of an alleged crime scene is highly discretionary." *United States v. Moonda*, 347 Fed. Appx. 192, 201 (6th Cir. 2009) (quoting *United States v. Triplett*, 195 F.3d 990, 999 (8th Cir. 1999)).  The Supreme Court has never held that a jury view of a crime scene violates the Constitution.  Given the lack of holdings by the Supreme Court on the issue of whether a state court violates a habeas petitioner's due process rights by permitting a jury to visit a crime scene, the Michigan Court of Appeals' rejection of the petitioner's claim was not an unreasonable application of clearly established federal law.  *See Wright v. Van Patten*, 552 U.S. 120, 126 (2008); *Carey v. Musladin*, 549 U.S. 70, 77 ( 2006).

*Wheeldon*, 2016 WL 2910083 at *6 (E.D. Mich. May 19, 2016), cert. of appealability denied, *Wheeldon v. Campbell*, No. 16-2054, 2017 WL 3165083 (Order) (6th Cir. March 6, 2017).  In denying the certificate of appealability, the Sixth Circuit stated in part,

> Given the lack of a Supreme Court decision to the contrary, and the fact that a trial court's decision to allow the jury to view a crime scene is "highly discretionary," *United States v. Moonda*, 347 Fed. Appx. 192, 201 (6th Cir. 2009) (quoting *United States v. Triplett*, 195 F.3d 990, 999 (8th Cir. 1999)), reasonable jurists could not debate the district court's denial of Wheeldon's fourth claim."

*Wheeldon*, 2017 WL 3165083.  For these reasons, Mills' claims are not cognizable on federal habeas review.

> **D.    The trial court erred when it failed to sustain objections to Mills' guideline scoring.**

Mills claims that the trial court erroneously scored offense variables (OV) 6 and 9 of the state sentencing guidelines.  The Michigan Court of Appeals found no error in the scoring. *Mills*, 2013 WL 238676 at *13.  Federal habeas review is limited to deciding whether a conviction

29

violated the Constitution, laws, treaties of the United States. *Estelle*, 502 U.S. at 68. "[F]ederal habeas corpus relief does not lie for errors of State law." *Id.* at 67, quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). The state's computation of a prisoner's term involves a matter of state law that is not cognizable on federal habeas review. *See Kipen v. Renico*, 65 Fed. Appx. 958, 959 (6th Cir. 2003), citing *Estelle*, 502 U.S. at 68. *See Shanks v. Wolfenbarger*, 387 F. Supp. 2d 740, 752 (E.D. Mich. 2005) (habeas petitioner's claim that the offense variables of the sentencing guidelines were incorrectly scored fails to state a claim upon which habeas relief can be granted). Accordingly, Mills' claims are not cognizable on federal habeas review.

### E. Ineffective assistance of appellate counsel

Finally, Mills contends that retained appellate counsel, Attorney Neys, was ineffective for failing to represent his interests after the initial appeal in 2011.[6] The gist of Mills' claim is that Attorney Neys was ineffective because her withdrawal after the Michigan Court of Appeals affirmed the conviction caused him to miss the deadline for filing an application for leave to appeal to the Michigan Supreme Court. Mills' claim of ineffective assistance of appellate counsel is measured under the *Strickland* standards. Unlike the typical claim of ineffective assistance of appellate counsel, Mills does not contend that Attorney Neys failed to present an issue in the appellate brief. *See, e.g.*, *Jones v. Barnes*, 463 U.S. 745 (1983) (an indigent defendant does not have a constitutional right to compel appointed counsel to press nonfrivolous points, if counsel, as a matter of professional judgment, decides not to present those points). Rather, Mills

---

[6] Mills first raised this issue in a motion for relief from judgment brought pursuant to MCR 6.500 *et seq*. Because state collateral review under MCR 6.500 *et seq*. is the first opportunity for a criminal defendant to address the issue of ineffective assistance of appellate counsel, this issue is not subject to the procedural default doctrine. *See Hicks v. Straub*, 377 F.3d 538, 558 n. 17 (6th Cir. 2004).

contends that he missed the deadline for filing his application for leave to appeal to the Michigan Supreme Court due to his retained attorney's withdrawal from the case.

Mills' claim fails.  First, Mills has no basis for claiming that Attorney Leys provided ineffective assistance of appellate counsel for failing to file an application of leave to appeal to the Michigan Supreme Court.

> A criminal defendant does not have a constitutional right to counsel to pursue discretionary state appeals. *Wainwright v. Torna*, 455 U.S. 586, 587 (1982).  "The right to appointed counsel extends to the first appeal of right, and no further." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Because there is no constitutional right to the effective assistance of counsel on a discretionary appeal, petitioner cannot claim that counsel was ineffective for failing to file the application for leave to appeal with the Michigan Supreme Court.  *Wainwright v. Torna*, 455 U.S. at 587-588; *Harris v. Stegall*, 157 F. Supp. 2d 743, 750 (E.D. Mich. 2001).

*Stewart v. MacLaren*, No. 15-CV-11919, 2016 WL 6995732 at *3 (E.D. Mich. Nov. 30, 2016).

Second, Mills suffered no prejudice from Leys' actions, because the Michigan Court of Appeals re-issued its opinion in 2013 and he was allowed to file a timely application for leave to appeal that decision to the Michigan Supreme Court.  *See* Order (ECF No. 22-36, PageID.1122).  Accordingly, Mills' claim of ineffective assistance of counsel should be denied.

The state court's decision denying relief on the basis of ineffective assistance of appellate counsel was neither contrary to, nor an unreasonable application of, clearly established Federal law as determined by the Supreme Court; nor was the decision based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254 (d).  Accordingly, Mills is not entitled to relief on this claim.

## V.    Recommendation

I respectfully recommend that petitioner's habeas petition be **DENIED**.  Rule 8, Rules Governing § 2254 Cases in the United States District Courts.


Dated:  January 29, 2019                    /s/ Ray Kent
                                            United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).